indicate that such was the intention of the parties. No such intention is indicated by the evidence in the case. It follows that the plaintiff's complaint should be dismissed, with costs. Judgment is ordered accordingly.

Judgment accordingly.

---

(25 App. Div. 179.)

DOSORIS POND CO. v. CAMPBELL et al.

(Supreme Court, Appellate Division, Second Department.    January Term, 1898.)

1. RECITALS OF DEEDS—PRESUMPTIONS.

Where one has a substantial chain of title from the crown, with only a few of the ancient links missing, which are all recited in subsequent conveyances, taken in connection with possession and claim of ownership, a conclusive presumption of the truth of the recitals is created.

2. ADVERSE POSSESSION.

Evidence that land had been flooded by a dam continuously by various owners for over 100 years is sufficient possession to give one claiming ownership the benefit of every legitimate presumption to supply defects in the title.

3. RESTRAINING TRESPASS—SUFFICIENCY OF TITLE.

In an action to enjoin continuing trespasses, if plaintiff's title is better than defendant's in respect to his right of possession, he must prevail.

Appeal from special term, Queens county.

Action by the Dosoris Pond Company against Edward J. Campbell and others to enjoin defendants from taking fish from plaintiff's mill pond, and from keeping or using any boat or implements for fishing on said premises, and from interfering or attempting to interfere with plaintiff's rights in said pond, or from committing any waste on said premises. From a judgment for plaintiff, defendants appeal. Affirmed.

The following is the opinion of the special term (SMITH, J.):

I think the evidence abundantly sustains the claim of plaintiff that the grant from the crown to Robert Williams, contained in the Nicoll patent of August 1, 1668, embraces the premises in question. It is equally clear that the words of the grant are sufficient to convey the lands under water within its limits. If there was no prior grant of the premises, and the plaintiff proved satisfactorily that it had succeeded to the title created by the original grant, it is entitled to the relief demanded in this action. The defendants attempted to prove a prior grant of the premises to one Henry Townsend for mill purposes, but that grant was of premises on Mill river; and it is shown that Mill river is several miles distant from the premises in question, and that there is a mill on that stream now known as "Townsend's Mill." The plaintiff has proved a substantial chain of title from the original grantee. There are a few of the ancient links missing, but they are all recited in subsequent conveyances; and these recitals in ancient conveyances, taken in connection with the possession and claim of ownership of the premises in harmony with them, must be deemed to create a conclusive presumption of the truth of the recitals. It is also undisputed that for about 100 years the premises have been flooded by a dam erected in the first instance for the purpose of running a tide mill, and since continuously maintained by the various owners. While I think it doubtful if this makes a technical adverse possession, still it is possession sufficient to give the plaintiff the benefit of any presumption which may be indulged in to supply defects. Trustees v. Strong, 60 N. Y. 72. The defendants justify under claim of title in the town of Oyster Bay, derived from the Andros patent. The claim is not tenable, because that patent is antedated by the Nicoll patent to Williams, and it excepts from its operation all prior grants. The plaintiff must recover on the

strength of his own title, not upon the weakness of the defendants'; but he measures his title with that of the defendants, and, if it is better in respect to his right of possession, he prevails because of its sufficient strength. McRoberts v. Bergman, 132 N. Y. 84, 30 N. E. 261. I think proof of plaintiff's title from the original source so thoroughly established by an unbroken chain of conveyances that it need not invoke the aid of this principle as a basis of recovery; but, invoking this principle, there seems no escape from the conclusion that plaintiff has the superior right of possession, and is therefore entitled to the relief demanded in the complaint. On account of the novelty and importance of the question involved, I think the defendants were justified in having an adjudication of the respective rights of the parties; hence no costs are awarded either party.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George B. Stoddart, for appellants.
Wilmot T. Cox and Albert W. Seaman, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the special term.

---

(22 Misc. Rep. 477.)

PEOPLE ex rel. NEWBURGH SAV. BANK v. PECK et al.

(Supreme Court, Special Term, Orange County. January, 1898.)

1. TAXATION—EXEMPTION—SAVINGS DEPOSITS.

The exemption from taxation in Laws 1896, c. 908, § 4, subd. 14, of "the deposits in any bank for savings which are due depositors," includes the surplus fund accumulated under Banking Law 1892, c. 689, § 123, which is accumulated for the security of such depositors, and "to meet any contingency or loss in the business from the depreciation of its securities or otherwise."

2. STATUTES REPEAL AND REVIVAL.

Laws 1866, c. 761, subjected to taxation the privileges and franchises of savings banks, the value of which was to be measured by their surplus earnings. Laws 1867, c. 861, amended the same by permitting the amount invested in United States securities to be deducted from the surplus. Laws 1875, c. 371, repealed both the first-named acts, and Laws 1882, c. 402, expressly repealed Laws 1875, c. 371, and Laws 1866, c. 761, but did not repeal Laws 1867, c. 861. Held, that the act of 1882. repealing the act of 1875, which repealed the act of 1866, did not revive the last-named act as an independent statute, creating a tax on privileges and franchises, as the repeal of the act of 1866, creating a tax, would carry with it an amendment conferring an exemption.

3. SAME—REPEAL BY IMPLICATION.

When a general revision covering the whole subject-matter of taxation is effected, it virtually repeals prior enactments by implication.

Certiorari on the relation of the Newburgh Savings Bank against George W. Peck, assessor of the city of Newburgh, and others, to review an assessment of personal property for taxation. Assessment vacated.

Brown & Cassedy (Charles F. Brown and George W. Wickersham, of counsel), for relator.
C. L. Waring, Corp. Counsel, for respondents.

HIRSCHBERG, J. This is a trial of the issues raised by the respondents' return to a writ of certiorari granted for the purpose